**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

James Robinson, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2008-098668

———————————

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-021
Heard December 10, 2012 – Filed January 16, 2013

———————————

**AFFIRMED**

———————————

Appellate Defender Susan B. Hackett, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Brian T. Petrano, all of Columbia, for Respondent.

———————————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Corey D.*, 339 S.C. 107, 117-18, 529 S.E.2d 20, 26 (2000) (approving the consideration of the factors set forth in *Kent v. United States*, 383 U.S. 541 (1966) by the family court in its decision to waive jurisdiction); *State v. Avery*, 333 S.C. 284, 292, 509 S.E.2d 476, 481 (1998) (reviewing a family court's order waiving jurisdiction under the abuse of discretion standard of review); *State v. Kelsey*, 331 S.C. 50, 65, 502 S.E.2d 63, 70-71 (1998) ("It is the responsibility of the family court to include in its waiver of jurisdiction order a sufficient statement of reasons for, and considerations leading to, that decision."); *State v. Pittman*, 373 S.C. 527, 560, 647 S.E.2d 144, 161 (2007) (affirming the family court's waiver order despite its lack of detail because the order sufficiently demonstrated that a full investigation occurred, and the record supported the family court's decision).

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**